UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTIN RUGGIRI, Administrator of the<br>Estate of CYNTHIA RUGGIRI | : <br>: <br>: | CIVIL ACTION NO.: 3:12CV675 |
| VS. | : <br>: | |
| TOWN OF NAUGATCK | : | MAY 3, 2012 |

## **C O M P L A I N T**

    1.  This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

    2.  Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

    3.  The plaintiff is an adult citizen of the United States and of the State of Connecticut.  He is the Administrator of the Estate of the late Cynthia Ruggiri, who owned and resided in a residence located at 421 Andrew Avenue in Naugatuck, Connecticut.

    4.  The defendant is a municipality in the State of Connecticut which at all times herein mentioned was acting under color and pretense of law.

1

5.  On or about September 9, 2008, Cynthia Ruggiri purchased the above-described residential real estate located at 421 Andrew Avenue in Naugatuck, Connecticut, for a total purchase price of $247,000.00.

6.  After purchasing the said property, Cynthia Ruggiri discovered that the said real estate was completely land-locked and had no lawful or usable access to any public roadway.

7.  The defendant, acting through its highest policy-setting officials for land use matters, including but not limited to its Mayor, issued and reissued certificates of occupancy and other permits for construction, use and sale of the said residence despite actual knowledge that it had no access to any public roadway and that neither fire nor other emergency vehicles could access the property, and that it was therefore unfit for human occupancy.

8. Despite the said knowledge, the defendant, through its highest policy-setting officials for such matters, has continued to tax the said property as a dwelling while refusing to provide fire protection to the structure or its occupants. This wrongful action continues to the present day.

9. In the manner described above, the defendant has deprived the plaintiff and his decedent of property without procedural due process of law, in violation of rights secured by the Fourth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

10. In the manner described above, the defendant has engaged in conduct which is shocking to the conscience and violates the rights of the plaintiff and his decedent to substantive due process of law under the Fourteenth Amendment to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

WHEREFORE the plaintiff claims judgment against the defendant for compensatory damages, attorney fees, costs and such equitable relief as this court shall consider fair.

THE PLAINTIFF

BY: _____/s/_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com
His Attorney